CASE 78—REVENUE, CORPORATION—JANUARY 24, 1885.

# Ky. Central R. R. Co. v. Bourbon County.

### APPEAL FROM BOURBON CIRCUIT COURT.

A railroad company seeks exemption from taxation by the county of Bourbon upon a statute providing that the company shall pay into the Treasury of the Commonwealth a tax on each one hundred dollars' worth of stock in said railroad company, equivalent to the rate of tax on each one hundred dollars' worth of property for State revenue, and " no more."

1. *Held*—The term " no more " applies to the taxes to be paid into the State Treasury, and is a limitation only upon the amount of tax to be assessed for State purposes.

2. An intention to surrender the power of taxation will not be imputed to the State unless the language leaves no other alternative.

3. An act imposing additional taxation for county purposes is constitutional.

JNO. W. STEVENSON FOR APPELLANT.

1. The fourth section of the amendment to appellant's charter, approved March 3, 1861. constitutes a contract between the Commonwealth and appellant.

2. The whole amount of capital stock of the Covington and Lexington Railroad Company. and not the present amount of the Kentucky Central Railroad Association. constitutes the basis of taxation.

3. The Ky. Central R. R. Co. is, in express terms, exempt from the opera-

vol. lxxxii.—32

tion of the act of February 14, 1856, reserving the right to the Legislature to amend and repeal charter.

4. It can not be denied that the property of railroad corporations in Kentucky is subject to the same rates of assessment and taxation to which the property of individuals is subject. Uniformity of taxation impli·s equality in the burden of taxation.

5. The act in regard to equalization is unconstitutional. (Constitution of Kentucky, article 12, section 20; Constitution of the United States, section 10, article.1; Kentucky Session Acts, 1850-1, page 268; Kentucky Session Acts, 1847, page 41; Kentucky Session Acts, 1848-9, page 382; Exchange Bank of Columbus v. Hines, 3 Ohio State R., 1; City of Lexington v. McQuillan's heirs, 9 Dana, 513; New Jersey v. Wilson, 7 Cranch R., 164; Jefferson Branch Bank.v. Skelly, 1 Black R., 436; Applegate v. Ernst, 3 Bush R., 648; Louisville & Nashville R. R. Co. v. Warren County Court, 5 Bush, 244; Johnson v. Commonwealth, 7 Dana, 342-3; Stewart v. Palmer, 74 N. Y. R., 186; Weimer v. Bonenburgh, 30 Michigan R., 201; Patten v. Green, 13 California, 329; Davidson v. New Orleans, 66 U. S. R, 97; Cooper. v. Board of Works, 108 Eng. C. L. R., 81; Hamilton v. Keith, 5 Bush (Ky.) 459; Erie & N. E. R. R. v. Casey, 26 Penn. St. R., 287; Gregory's Ex'r v. Shelby College, 2 Metcalf (Ky.) R., 589; Sage v. Dillard, 15 Ben. Monroe. 340; Dodge v. Woolsey, 18 Howard, S. C., R., 331; Piqua Branch of State Bank of Ohio v. Knoop, 16 Howard, U. S. R., 369; Gordon Appeal Tax, 3 Howard, 145; Dartmouth College v. Woodward et al., 4 Wheaton, 518; Southgate v. Covington, 15 Ben. Monroe, 491; Pearce's Heirs v. Patton, 7 Ben. Monroe, 167; Slack v. Maysville, 13 Ben. Monroe, 498; Cypress Draining Pond Company v. Hooper, 2 Metcalf (Ky.) R., 350; Woodbridge v. City of Detroit, 8 Mich., 30; Franklin Insurance Co. v. State, 5 West Va. R., 209; Durach, Appeal, 62 Penn. St. R., 491-496; State v. Charleston, 12 Richard R., 702, 732; Cooley on Constitutional Limitation, 622, 623.)

A. DUVALL, MATT. TURNEY AND KELLY BRENT FOR APPELLEE.

1. The sole defe·se relied upon by appellant is that the fourth section of the amendment to the charter of the Covington and Lexington Railroad Company, approved March 3, 1851, constituted a contract, limiting the rate of taxation beyond which the company can never be assessed for either State or county purposes. We submit that no such contract arises from the amendment.

2. The power of taxation is never presumed to be relinquished unless the intention to do so is expressed in clear and unambiguous terms.

3. It is clear that a fair construction of appellant's charter shows that the Legislature never intended to relinquish the right to tax appellant for county purposes. (Louisville, Cincinnati and Lexington R. R. Co. v.

The Commonwealth. 10 Bush, 43; Session Acts, 1865, page 101; Bradley v. McAtee, 7 Bush, 667; Session Acts. April, 1878; Gen. Stat., chapter 92, articles 5 and 6, pages 720–724.)

CHIEF JUSTICE HINES DELIVERED THE OPINION OF THE COURT.

The question presented on this appeal is whether appellant, the Kentucky Central Railroad Company, is subject to taxation for county purposes.

By an act approved March 1, 1847, the Licking and Lexington Railroad Company was incorporated. By an act approved February 27, 1849, the name of the company was changed to the Covington and Lexington Railroad Company.

March 3, 1851, this charter was amended, and among other provisions is the following :

"That on the first day of January next after the first declaration of dividends on the capital stock of said railroad company, and on the first day of January thereafter, it shall be the duty of the president and directors of said company to pay into the Treasury of this Commonwealth a tax on each one hundred dollars' worth of stock in said railroad company. equivalent to the rate of tax on each one hundred dollars' worth of property for State revenue, and no more ; and resident stockholders shall not list their stock in said company for revenue tax, nor be liable to payment of tax on the same in any other mode whatever."

February 22, 1871, the Kentucky Central Railroad Company was incorporated "for the purpose of operating the Covington and Lexington Railroad, of which they are the owners by purchase, under judgment and order of sale of the Fayette Circuit Court; and shall have, and are hereby invested with, all the powers,

privileges, rights, immunities and franchises, subject to the restrictions and limitations contained in the original charter of incorporation authorizing the construction of said railroad, and the various acts amendatory thereof: *Provided*, Nothing in this act shall be held to subject the said powers, rights, immunities and privileges, purchased under judgment and order of sale of the Fayette Circuit Court, and hereby vested in the corporation by this act created, to the operation of an act, entitled 'An act reserving the right to amend or repeal charters or other laws,' approved February 14, 1856.''

On the third of April, 1878, the Legislature provided a board of commissioners to ascertain the value of railroad property in the State subject to taxation for revenue, county and municipal purposes, to ascertain the value of such property within county and municipal boundaries, and made it the duty of the commissioners to report their valuation to the Auditor, who should report the same to the clerk of the county court. The fourth section of the act provides that "the same rate of taxation for State purposes which is or may be in any year levied on other real estate in this Commonwealth, shall be, and is hereby, levied upon the value so found by said board, of the railroad, rolling stock and real estate of each company; and the same rate of taxation for the purposes of each county, city, town or precinct, in which any portion of any railroad is located, which is or may be in any year levied on any real estate therein, shall be, and is hereby, levied.''

It is insisted for appellant that the act of 1878, fixing a different method of taxation and possibly thereby

·increasing the tax limited in the charter of the company, violates the provisions of the Federal and State Constitutions, forbidding the passage of any law im- ·pairing the obligation of a contract.

We refrain from considering how far the Legislature may contract away the sovereignty of the State in reference to the right of taxation, since the question may be determined without it. Conceding such right, when not forbidden by the State Constitution, the inquiry remains, has it been exercised?

The statute under which the exemption is claimed reads: "Shall pay into the Treasury of this Commonwealth a tax on each one hundred dollars' worth of stock in said railroad company, equivalent to the rate of tax on each one hundred dollars' worth of property for State revenue, and no more."

The subject treated of is State revenue, and the taxes provided for are to be paid into the State Treasury. There is no reference, express or by implication, to county or municipal taxation.

The general law, at the passage of this act, provided for county and municipal taxation, and, in order to exclude the operation of such general law, the intention should have been unequivocally expressed. This is true in the interpretation of statutes in ordinary cases, and in the construction of statutes limiting the taxing power of the State the presumption that nothing more was intended than is in terms expressed is much stronger.

Taxation is an essential attribute of sovereignty, necessary to the life and the autonomy of the State, and ·can be surrendered only in exceptional cases, and then

only by express grant. Every intendment is against the intention to surrender such power.

In Baily v. Maguire, 22 Wall, 227, it is said: "It is. never for the interest of the State to surrender the power of taxation, and an intention to do so will not be imputed to it, unless the language employed leaves no other alternative."

This was a case where a railroad company was seeking exemption from county and municipal taxation. under a provision in the charter exempting it from State taxation. The court held the company subject to county and municipal taxation.

The term "no more," used in the statute, applies to the taxes provided to be paid into the State Treasury, and is a limitation only upon the amount of tax that may be assessed for that purpose.

The act of 1878, providing a commission to equalize taxation of railroads, expressly authorizes the method of valuation adopted in this case. That act has been declared constitutional by this court in the Railroad Tax Cases v. Commonwealth, Kentucky Law Reporter,. January, 1884.

Judgment affirmed.